IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 13-00038-KD-C |
| | ) |
| JEROME ANTHONY KIDD, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Jerome Anthony Kidd's motion for early termination of supervised release (doc. 64).  The United States was given an opportunity to respond but did not (doc. 65). Upon consideration, and for the reasons set forth herein, the motion is **GRANTED**.[1]  Accordingly, Kidd is discharged from supervision.

In 2014, Kidd pled guilty to the offense of felon in possession of a firearm (Count One) and the offense of using, carrying, or possessing a firearm in furtherance of and in relation to a drug trafficking crime (Count Two).  He was sentenced to a total term of 72 months and 1 day, consisting of 12 months and 1 day for Count One and 60 months, consecutive, for Count Two. Kidd was released June 18, 2019.  He has completed 3½ years of his 5-year term of supervision.

As grounds for his motion for early termination, Kidd relies upon his compliance with all terms of supervision, consistently passing drug tests, and avoiding the wrong crowds. Kidd reports that he is spending more time with his family, has maintained steady employment, and has been promoted to a supervisory position.

---

[1] A hearing is not required.  See Fed. R. Crim. P. 32.1(c)(2)(C) ("A hearing is not required if: … an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.").

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Kidd has met the statutory requirement that he serve at least one year of supervision. Therefore, the Court considers the relevant factors in 18 U.S.C. § 3553(a) to determine whether his conduct and the interests of justice warrant early termination. Specifically, the Court has considered the "nature and circumstances" of Kidd's offense and his "history and characteristics", 18 U.S.C. § 3553(a)(1), as well as the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", to "afford adequate deterrence to criminal conduct", and to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B) & (C).

As to Kidd's conduct during supervision,[2] his supervising Probation Officer reports that he has been compliant with all terms and conditions of supervision, reports as instructed, refrains from illegal drug use, and confirms Kidd's employment and recent promotion. He also reports the absence of noncompliant behavior which would show a failure of rehabilitation. But for the seriousness of the offense of conviction, the Probation Officer does not oppose the motion.

Upon consideration of the foregoing, the Court finds that early termination would serve the "need for the sentence imposed … to reflect the seriousness of the offense, to promote

---

[2] Kidd has completed three and one-half years of supervision. He began supervision in June 2019.

respect for the law, and to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct" 18 U.S.C. § 3553(a)(2)(A) and (B).  The Court specifically acknowledges that Kidd has complied with all conditions of supervision for the past three and one-half years, maintained steady employment, and recently was promoted to a supervisory position. The Court also acknowledges that Kidd has refrained from illegal drug use and reports to his Probation Officer as instructed.

Accordingly, the Court is satisfied that early termination would serve the interests of justice and that Kidd's present conduct warrants early termination. 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** on this the 10th day of January 2023.

                                            <u>s / Kristi K. DuBose</u>
                                            **KRISTI K. DuBOSE**
                                            **UNITED STATES DISTRICT JUDGE**